**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| STEPHEN B. CUOMO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. BANK, N.A. as trustee for BEAR )<br>STEARNS ASSET BACKED SECURITIES I, )<br>LLC 2006-HE5, )<br>SELECT PORTFOLIO SERVICING, INC., )<br>AMERIQUEST MORTAGE COMPANY, )<br>MORTGAGE ELECTRONIC )<br>REGISTRATION SYSTEMS, INC., and )<br>JPMORGAN CHASE BANK, N.A., )<br>)<br>Defendants. )<br>) | No. 1:17-cv-00485-WES-PAS |

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION TO DISMISS COUNT II OF THE COMPLAINT**

Defendant JPMorgan Chase Bank, N.A. ("Chase") respectfully submits this Memorandum of Law in Support of its Motion to Dismiss the Count II of the Complaint.[1] Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Count II of the Complaint should be dismissed where (1) plaintiff Stephen B. Cuomo ("Plaintiff") lacks standing to challenge an assignment of a mortgage under Rhode Island law, and (3) Plaintiff fails to plead facts which, if true, would set forth a colorable claim for relief.

---

[1] Defendant does not direct Count I, a claim alleging a breach of contract against defendants US Bank, NA and Select Portfolio Servicing, Inc., against Chase. Chase accordingly need not respond to Count I of the Complaint. To the extent that this Court deems a response is necessary, however, Chase requests leave to amend this motion to respond accordingly. Where Chase was not a part to the contract at issue at the time Plaintiff alleges a breach, Chase would be entitled to a dismissal on Count I. See *Fogarty v. Palumbo*, 163 A.3d 526, 541 (R.I. 2017) (To prevail on a breach of contract claim, a plaintiff must prove: (1) the existence of a contract, (2) the breach of that contract, and (3) that the defendant's breach thereof caused the plaintiff's damages).

1

## I.   INTRODUCTION

The crux of Plaintiff's claim against Chase is based on his unsupported allegation that an assignment of a mortgage is void. Plaintiff fails to identify any reason why the assignment at issue does not comply with Rhode Island law, nor does he allege any facts which would cause the assignment to be void as a matter of law. Consequently, Chase is entitled to dismissal.

## II.   FACTUAL BACKGROUND

Giving the Complaint a generous reading and construing it in the light most favorable to the Plaintiff, Chase briefly sets forth the following facts and, for the purposes of this motion only, accepts them as true. The facts are derived from the pleadings or documents referenced in the pleadings.[2]

On or about February 23, 2006, Plaintiff executed a promissory note (the "Note") in favor of Town and Country Credit Corp. ("Town and Country") for the amount of $292,000.00. *Complaint* at ¶ 14. To secure the Note, Plaintiff also gave a mortgage (the "Mortgage") to Town and Country on the real property located at 10 Sweet Brian Lane, West Warwick, RI 02893 (the "Property"). *Id.* The Mortgage was recorded in the Town of West Warwick Land Evidence Records (the "Land Records") in Book 1719 at Page 95 on February 28, 2006. *Id.* The Mortgage was subsequently assigned to various parties.

*The First Assignment*:

On February 21, 2008, Town and County, by its attorney in fact EMC Mortgage Corporation, assigned the Mortgage to Ameriquest Mortgage Company ("Ameriquest"). *Complaint* at ¶ 14; *First*

---

[2] Defendant properly references documents discussed or referred to in the Complaint. *See Watterson v. Page*, 987 F.2d, 3-4 (1st Cir. 1993) (court may look to documents central to the plaintiff's claim and referenced in the complaint whose authenticity is not disputed); *see also Banco Santander de P.R. v. Lopez-Stubbe* (*In re Colonial Mortg. Bankers Corp.*), 324 F.3d 12, 19 (1st Cir. 2003) ("[M]atters of public record are fair game in adjudicating Rule 12(b)(6) motions, and court's reference to such matters does not convert a motion to dismiss into a motion for summary judgment.").

*Assignment* attached hereto as **Exhibit A**. The First Assignment was notarized and recorded in the Land Records on April 1, 2008 in Book 1936 at Page 281. *Complaint* at ¶ 19.

*The Second Assignment*:

Also on February 21, 2008, the same date the First Assignment was executed, Ameriquest assigned the Mortgage to Mortgage Electronic Recording Systems, Inc. ("MERS"). *Complaint* at ¶ 17; *Second Assignment* attached hereto as **Exhibit B**. The Second Assignment was notarized and recorded in the Land Records on April 1, 2008 in Book 1936 at Page 276. *Complaint* at ¶ 20.

*The Third Assignment*:

On September 16, 2014, MERS assigned the Mortgage to Chase. *Complaint* at ¶ 20; *Third Assignment* attached hereto as **Exhibit C**. The Third Assignment was notarized and recorded in the Land Records on December 30, 2014 in Book 2338 at Page 328. *Complaint* at ¶ 20.

*The Fourth Assignment*:

On September 16, 2014, Chase assigned the Mortgage to U.S. Bank NA, successor trustee to Bank of America NA, successor in interest to LaSalle Bank NA, on behalf of the registered holders of Bear Stearns Asset Backed Securities 1 LLC, Asset-Backed Certificates Series 2006-HE5 ("US Bank"). *Complaint* at ¶ 22; *Fourth Assignment* attached hereto as **Exhibit D**. The Fourth Assignment was notarized and recorded in the Land Records on December 30, 2014 in Book 2338 at Page 331. *Complaint* at ¶ 20.

Subsequently Select Portfolio Servicing ("SPS") became the servicer for the Mortgage. *Complaint* at ¶ 26. SPS, on behalf of US Bank, sent Plaintiff a Notice of Mortgage Foreclosure Sale on April 1, 2017, and subsequently exercised the statutory power of sale in the Mortgage by holding a foreclosure auction on May 3, 2017. *Complaint* at ¶¶ 27-28.

On September 29, 2017, Plaintiff filed the instant action in the Providence County Superior Court against all defendants alleging a breach of the Mortgage and seeking declaratory relief from

the Court that the above-referenced assignments are void. *See generally*, *Complaint*. On October 18, 2017, the defendants removed the matter to this Court.

## III.   STANDARD OF REVIEW

### A.   Lack of Standing under Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) permits a defendant to challenge a plaintiff's standing to bring an action. In considering whether to dismiss a complaint for lack of standing, the court must "accept as true all well-pleaded factual averments in the plaintiff's complaint and indulge all reasonable inferences therefrom in his favor." *Katz v. Pershing, LLC*, 672 F.3d 64, 70 (1st Cir. 2012) (internal quotations omitted). The plaintiff has the burden to plead facts to demonstrate standing; the plausibility standard under Rule 12(b)(6) applies to standing determinations at the pleadings stage. *Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 730 (1st Cir. 2016). The court may consider exhibits and other documents outside the pleadings on a Rule 12(b)(1) motion. *Gonzalez v. United States*, 284 F.3d 281, 288 (1st Cir. 2002). Because "the existence of injury in fact is a legal question invoking Article III of the Constitution, [it is] properly contested by a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1)." *Vangel v. Aul, D.R.I.*, No. CA 15-43L (June 19, 2015).

### B.   Failure to State a Claim under Fed. R. Civ. P. 12(b)(6)

A defendant is entitled to relief under Rule 12(b)(6) where a complaint fails to make factual allegations sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "Because a Rule 12(b)(6) motion calls for an assessment of the merits of the case at an embryonic state," facts pleaded in the complaint are viewed in "the light most favorable to the movant" and all inferences are drawn in the plaintiff's favor. *Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 38, 44 (1st Cir. 2008). In making a Rule 12(b)(6) determination, the "court may also consider 'documents incorporated by reference in [the complaint],

4

matters of public record, and other matters susceptible to judicial notice.'" *Giragosian v. Ryan*, 547 F.3d 59, 65 (1st Cir. 2008) (*quoting In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 20 (1st Cir.2003).

The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level" and must assert more than a "possibility" of relief and instead demonstrate that entitlement to relief is "plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 554-557 (2007). "Threadbare recitals of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## IV.   ARGUMENT

Plaintiff's Complaint against Chase must be dismissed where he: (1) lacks standing to challenge an assignment of a mortgage under Rhode Island law, and (2) fails to plead facts which, if true, would set forth a colorable claim for relief.

### A. **Plaintiff Lacks Standing to Challenge the Mortgage Assignment.**

Plaintiff alleges that the assignees to the Second, Third, and Fourth Assignments were "not the holder[s] of the [Mortgage] or valid mortgagee[s]" at the time each assignor made the assignment to the respective assignees. *Complaint* at ¶¶ 1, 18, 21, 23, 25. This claim apparently stems from Plaintiff's mistaken belief that Ameriquest did not have any rights to the Mortgage at the time it executed the Second Assignment to MERS. *Complaint* at ¶ 70 ("Ameriquest's actions in improperly assigning the [Mortgage] when they had nothing to assign, [the Mortgage] was improperly assigned 4 more times."). Plaintiff's position is fundamentally at odds with the fact that Town and County assigned its rights to Ameriquest in the First Assignment. *See First Assignment*. The First

Assignment is facially valid, and Plaintiff admits both its existence and the fact that it was recorded in the Land Records. *Complaint* ¶ 64 ("On February 21, 2008, Town and Country purportedly assigned the [Mortgage] to Ameriquest."). Nevertheless, without any support and contrary to the Land Record evidence, Plaintiff presses his claim that all assignments subsequent to the First Assignment are void. Where Plaintiff has failed to allege any fact which, if true, would render the First Assignment (or any assignment) void, he lacks standing. Consequently, Count II of the Complaint must be dismissed.

1. Plaintiff's Claim that the First Assignment is Invalid Lacks Factual Support.

Simply making "an allegation that someone has failed to meet some legal requirement, without more, is insufficient to confer Article III standing." *Katz v. Pershing, LLC*, 672 F.3d 64, 78 (1st Cir. 2012) (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 558–59 (1992)). Standing requires that "a plaintiff must allege injury in fact, that is, facts establishing that the plaintiff personally suffered harm." *Vangel v. Aul, D.R.I.*, No. CA 15-43L (June 19, 2015) (*citing Id.*).

Pursuant to R.I.G.L. § 34-11-1, an assignment of a mortgage must be in writing, acknowledged, and recorded in the land evidence record to be valid. An assignment that is executed and recorded in accordance with § 34-11-1 is presumptively valid. *Hoecke v. First Franklin Fin. Corp.*, No. KC 2009-0743, 2013 WL 1088825, at *4 n. 5 (R.I. Super. Ct., March 7, 2013) (citing *Culhane v. Aurora Loan Servs. of Neb.*, 708 F.3d 282, 293 (1st Cir. 2013); *see Seng v. Mort. Elec. Registration Sys., Inc.*, No. PC 2011-2784, 2013 WL 1490360, at *4 (R.I. Super. Ct. April 2, 2013) ("acknowledged deeds and mortgages of real estate will not be set aside absent clear and convincing evidence that the certificate of acknowledgment is false"). Here, the First Assignment was signed, notarized, and recorded in the Land Records. *See First Assignment.* Plaintiff offers nothing to challenge the First Assignment other than his bare, conclusory allegation that the First Assignment is void. That alone is insufficient to establish a claim that the First Assignment is void as a matter of

law.  *See Era v. Morton Cmty. Bank*, 8 F.Supp.3d 66, 70 (D.R.I. 2014); *Clark v. Mortg. Elec. Registration Sys. Inc.*, 7 F.Supp.3d 169, 179 (D.R.I. 2014).

    2.  <u>Plaintiff Lacks Standing Where the First Assignment is Not Void as a Matter of Law</u>.

Under Rhode Island law, a "mortgagor does not have standing to challenge shortcomings in an assignment that render it merely voidable at the election of one party but otherwise effective to pass legal title." *Mruk v. Mtge. Elec. Registration Sys., Inc.*, 82 A.3d 527, 536 (R.I. 2013) (quoting and adopting as Rhode Island Law *Culhane v. Aurora Loan Services of Nebraska*, 708 F.3d 282, 290 (1st Cir.2013)); *Rezende v. Ocwen Loan Servicing, LLC; U.S. Bank, N.A.*, No. 16-1931, slip op. at 5-6 (1st Cir. Aug. 25, 2017) (mortgagor lacks standing to challenge assignment that may be voidable, but is not void as a matter of law).  "'Void' contracts or agreements are 'those ... that are of no effect whatsoever; such as are a mere nullity, and incapable of confirmation or ratification.'" *Wilson v. HSBC Mortg. Services, Inc*., 744 F.3d 1, 9 (1st Cir. 2014) (quoting *Allis v. Billings*, 47 Mass. 415, 417 (1843)); *Wilson* adopted as Rhode Island law by *Cruz v. Mtge. Elec. Registration Sys., Inc.*, 108 A.3d 992, 997 (R.I. 2015).  "By contrast, 'voidable' refers to a contract or agreement that is 'injurious to the rights of one party, which he may avoid at his election.'" *Id.* (quoting *Ball v. Gilbert*, 53 Mass. 397, 404 (1847)).  "Thus, while the party injured by a voidable contract has the option of avoiding its obligations, it may choose instead to ratify the agreement and hold the other party to it." *Id.*

Here, even if Plaintiff were able to identify some defect in the First Assignment (or any subsequent assignment of the Mortgage), he has failed to establish why such defect would make the First Assignment void as a matter of law.  Without the requisite factually allegation that would render the First Assignment void if true, Plaintiff cannot establish standing as a third-party to challenge any assignment of the Mortgage.  Consequently, Plaintiff's claim against Chase must be dismissed.

    **B.**  <u>**The Complaint Does Not Set Forth a Colorable Claim for Any Recognized Theory of Relief**</u>**.**

Even if Plaintiff did have standing to challenge an assignment of his Mortgage, Count II of his Complaint still must be dismissed where he fails to state a claim for which relief may be granted. Granting the Compliant all favorable inferences, Plaintiff has still failed to muster any support to advance a recognized theory of recovery. For the reasons stated above, the assignments here are not void as a matter of law. Even if the First Assignment were void, however, Chase was only a party to the Third and Fourth Assignments; Plaintiff is not a party to either. If Chase had received from MERS and transferred to US Bank purportedly non-existent rights to the Mortgage, there would be no impact on the Plaintiff and therefore no injury to redress. Thus, Count II of the Complaint must be dismissed.

## IV.     CONCLUSION

WHEREFORE, for the reasons set forth above, the Defendant JPMorgan Chase Bank, N.A., respectfully request this Honorable Court:

   A.   Dismiss the Complaint with prejudice;

   B.   Enter Judgment in Chase's favor;

   C.   Order Plaintiffs to pay Chase's costs and fees; and

   D.   Grant such other relief as may be just and proper.

Respectfully Submitted,

**PARKER IBRAHIM & BERG LLC**
*Attorneys for Defendant,*
JPMORGAN CHASE BANK, N.A.

*/s/ Matthew J. Libby*
Matthew J. Libby, BBO# 9558
One Financial Center, 15th Floor
Boston, MA 02111
Phone: 617.918.7600
Facsimile: 617.918.7878

3464440.1

Email: matthew.libby@piblaw.com

Dated: November 2, 2017

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 27th day of November, 2017, the foregoing document was filed through the CM/ECF system. The document will be sent electronically to the registered participants, and paper copies will be served via first class mail on those indicated as non-registered participants.

*/s/ Matthew J. Libby*
Matthew J. Libby

3464440.1