UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| STEPHEN B. CUOMO, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 17-485-WES |
| | : | |
| U.S. BANK, N.A., as trustee for | : | |
| BEAR STEARNS ASSET BACKED | : | |
| SECURITIES I, LLC 2006-HE5, | : | |
| SELECT PORTFOLIO SERVICING, | : | |
| INC., AMERIQUEST MORTGAGE | : | |
| COMPANY, MORTGAGE | : | |
| ELECTRONIC REG.          : | | |
| SYSTEMS, INC., JPMORGAN CHASE | : | |
| BANK, N.A., | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Plaintiff Stephen B. Cuomo originally filed his two-count complaint in state court to challenge the foreclosure sale of property located in West Warwick, Rhode Island. Count I of the complaint alleges that Defendants U.S. Bank, N.A., as trustee for Bear Stearns Asset Backed Securities I, LLC 2006-HE5 ("U.S. Bank"), and Select Portfolio Servicing, Inc. ("SPS") breached their mortgage contract with Plaintiff. Count II challenges a series of assignments of the mortgage to Defendants Ameriquest Mortgage Company ("Ameriquest"), Mortgage Electronic Registration Systems, Inc. ("MERS"), JPMorgan Chase Bank, N.A. ("Chase"), and U.S. Bank. Based on the allegation that each of the assignments is void, Plaintiff contends that U.S. Bank's foreclosure sale is a legal nullity.

The matter is now before the Court on Chase's motion to dismiss the claims against it in Count II, pursuant to Fed. R Civ. P. 12(b)(1) and 12(b)(6). ECF No. 9. The other defendants

have answered and do not join in Chase's motion.  For the reasons explained below, I

recommend that Chase's motion to dismiss Count II be granted.

## I.     BACKGROUND

In his complaint, Plaintiff alleges that, on February 23, 2006, he executed a mortgage and

note to Town and Country Credit Corp. ("T&C") on property located at 10 Sweet Briar Lane,

West Warwick, Rhode Island ("the property"), in the amount of $292,000.  ECF No. 1-1 at ¶¶

14, 61.  On February 21, 2008, two assignments of the mortgage were executed, one from T&C

to Ameriquest, and the other from Ameriquest to MERS.  Id. at ¶¶ 17, 19, 62, 64.  These

assignments were both duly recorded in "Town of West Warwick Clerk's Office Land Evidence

Records" ("Land Records") on the same day, April 1, 2008.  Id.  Based on the pagination of the

Land Records, the first to be recorded assigned the mortgage from Ameriquest to MERS, on

page 276; while the second, recorded on page 281, is the assignment from T&C to Ameriquest.

Chase has attached to its motion copies of the pertinent pages from the Land Records.[1]  ECF

Nos. 9-2, 9-3.  The time-stamps on these undisputed public documents reveal that these two

assignments were recorded two minutes and four seconds apart.  Apart from his challenge based

on the sequence of recording, Plaintiff does not allege that either of these assignments fails to

conform to statutory requirements; nor does he argue that the execution of the assignments was

faulty in any way.

Six years later, on September 16, 2014, MERS assigned the mortgage to Chase; like the

two prior assignments, it was duly recorded in the Land Records and there is no allegation that it

---

[1] Plaintiff does not dispute the authenticity or accuracy of these public records, which correspond to documents
explicitly referenced in his complaint.  Accordingly, they may be considered in connection with a Fed. R. Civ. P.
12(b) motion.  Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 73–75 (1st Cir. 2014); Avedisian v. Select Portfolio
Servicing, Inc., C.A. No. 16-654S, 2017 WL 6334123, at *1 (D.R.I. Aug. 29, 2017), adopted, 2017 WL 6343644
(D.R.I. Dec. 11, 2017).

fails to conform to the requirements for a proper assignment.  ECF No. 1-1 at ¶¶ 20, 65.  On the same day, Chase assigned the mortgage to U.S. Bank; again, this fourth assignment has the indicia of being in proper form and was appropriately recorded.[2]  Id. at ¶¶ 22, 67.  After U.S. Bank took over the mortgage following the assignment by Chase, SPS became the servicer.  Id. at ¶ 26.  In 2017, SPS, acting on behalf of U.S. Bank, sent Plaintiff a Notice of Mortgage Foreclosure Sale; the property was sold at foreclosure on May 3, 2017.  Id. at ¶¶ 27-28.

In Count II, Plaintiff seeks a declaratory judgment as to Ameriquest, MERS and Chase that all four assignments, starting with the one first recorded – from Ameriquest to MERS – are void "as Ameriquest had nothing to assign in the first place."  Id. at ¶ 71.  The gravamen of Count II is Plaintiff's argument that the assignment from Ameriquest to MERS (and, consequently, all subsequently recorded assignments, including the assignment by MERS to Chase) is void because it was recorded in the Land Records moments before, rather than after, the foundational T&C assignment to Ameriquest.  Id. at ¶ 18.  In addition to a declaration that all four assignments are void, Plaintiff also asks the Court to require these Defendants, including Chase, to restore his legal title to the property and pay him actual and punitive money damages. Id. at ¶¶ 72, 75.

## II.    STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6), Chase moves to dismiss Plaintiff's claims based on lack of standing and for failure to state a claim upon which relief may be granted.  In considering a motion under either prong of Fed. R. Civ. P 12(b), a court must accept as true the

---

[2] Not pertinent to the motion is a subsequent (and redundant) assignment from MERS directly to U.S. Bank; while this assignment purports to cut Chase from the chain of title, it is immaterial because the mortgage ends up in the same place, with U.S. Bank.  According to the complaint, this assignment was executed on February 27, 2015, well after the mortgage had already been assigned to U.S. Bank by Chase, but (illogically) was recorded on April 8, 2008.  ECF No. 1-1 at ¶ 24.  The Court speculates that there must be a typographical error in this paragraph. Whatever it may mean does not matter because it is not relevant to Chase's attack on Plaintiff's claim that the assignments from MERS to Chase and from Chase to U.S. Bank are void.

complaint's plausible factual allegations and draw all reasonable inferences from those factual allegations in the plaintiff's favor.  Hochendoner v. Genzyme Corp., 823 F.3d 724, 730 (1st Cir. 2016); Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996).  CHECK

Rule 12(b)(1) is the procedural vehicle to challenge a plaintiff's standing to bring an action.  Pemental v. Bank of New York Mellon, C.A. No. 16-483S, 2017 WL 3279015, at *5 (D.R.I. May 10, 2017), adopted, 2017 WL 3278872 (D.R.I. Aug. 1, 2017) (challenge to subject matter jurisdiction based on lack of standing may be raised at any time and is brought pursuant to Fed. R. Civ. P. 12(b)(1)); see Vangel v. Aul, C.A. No. 15-43L, 2015 WL 5714850, at *4 (D.R.I. June 19, 2015), adopted, 2015 WL 5714855 (D.R.I. Sept. 29, 2015) ("the existence of injury in fact is a legal question invoking Article III of the Constitution, and thus is properly contested by a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1)"). A Fed. R. Civ. P. 12(b)(1) motion asks the court to examine whether the complaint alleges sufficient plausible facts to demonstrate that the claimant has standing to bring the claim. Hochendoner, 823 F.3d at 730.  The court may consider exhibits and other documents outside the pleadings on a Fed. R. Civ. P. 12(b)(1) motion.  Pemental, 2017 WL 3279015, at *5.

To survive Fed. R. Civ. P. 12(b)(6) scrutiny under the now-familiar standard first articulated in Bell Atl. Corp. v. Twombly, 550 U.S. 554 (2007), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level" and must assert more than a "possibility" of relief.  Id. at 554-57.  The complaint must have enough factual heft to demonstrate that entitlement to relief is "plausible."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Importantly, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  Twombly, 550 U.S. at 555; see Hernandez v. Mortg. Elec. Reg. Sys., 2017 U.S. Dist. LEXIS 198420, at *15 (D.R.I. Oct. 11, 2017), adopted,

4

C.A. No. 17-316WES (D.R.I. Nov. 27, 2017) (complaint's legal challenge to mortgage assignment may be accepted if grounded in correct interpretation of applicable law; court is not obliged to accept it as true).

While the Rhode Island Supreme Court has not adopted the <u>Twombly/Iqbal</u> standard, <u>Chhun v. Mortg. Elec. Reg. Sys., Inc.</u>, 84 A.3d 419, 422-23 (R.I. 2014), federal courts must apply <u>Twombly/Iqbal</u> even in cases like this one where state law controls the substantive claims. <u>Era v. Morton Cmty. Bank</u>, 8 F. Supp. 3d 66, 69 (D.R.I. 2014).  This includes challenges to mortgage foreclosures in cases that have been removed from state court.  <u>Pemental</u>, 2017 WL 3279015, at *4.

## III.    ANALYSIS

In Count II, Plaintiff asserts that the fact that the recording of the first two assignments was reversed by the West Warwick Land Records office renders void all subsequent assignments of his mortgage.  He alleges that the mortgage was assigned by T&C to Ameriquest and stopped there; no effective assignment was ever subsequently made to MERS, to Chase or to U.S. Bank. Citing no cases to support this legal conclusion, Plaintiff argues that, although the assignments were properly executed, Ameriquest lacked the power to assign the mortgage to MERS because T&C's assignment had not yet been recorded.  Following Plaintiff's logic: because every link in the chain of assignments is invalid, U.S. Bank never received a proper assignment of the mortgage, and, therefore, its foreclosure on Plaintiff's property was wrongful and must be rescinded.

Chase challenges the legal conclusion on which Plaintiff's theory rests, arguing that Plaintiff has failed to state a claim for which relief may be granted under Fed. R. Civ. P. 12(b)(6).  Chase also contends that, whether or not the sequence of recording could render an

otherwise proper assignment void, Plaintiff lacks standing to be the standard bearer of such a challenge so that the claim must be dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(1).

Chase's threshold challenge to Plaintiff's standing is grounded in the well-established principle of Rhode Island law that a mortgagor does not have standing to challenge procedural defects in an assignment that render it voidable at the election of a party to the assignment, as long as the assignment is "otherwise effective to pass legal title." Mruk v. Mort. Elec. Reg. Sys., Inc., 82 A.3d 527, 536 (R.I. 2013). A void assignment is one that is unenforceable, has no legal effect and may not be ratified by its parties. Cruz v. Mort. Elec. Reg. Sys., Inc., 108 A.3d 992, 997 (R.I. 2015). "On the other hand, a 'voidable' contract affects the rights of one party and may be either ratified or rescinded at that party's election." Moura v. Mort. Elec. Reg. Sys., Inc., 90 A.3d 852, 857 (R.I. 2014). These principles are explained in the First Circuit's seminal decision in Culhane v. Aurora Loan Servs. of Nebraska, which cautions that cases finding no mortgagor standing to challenge an assignment often "paint with too broad a brush." 708 F.3d 282, 290 (1st Cir. 2013). If the operative claim is that the assignor "never possessed a legally transferable interest," so that the assignment is allegedly void and not merely voidable, Cruz, 108 A.3d at 997, "mortgagors . . . have standing to challenge a mortgage assignment." Culhane, 708 F.3d at 290.

The cases holding that the claimant lacks standing are based on challenges to the technical niceties of an assignment that transfers the mortgage along a chain ending with the foreclosing entity. See, e.g., Cruz, 108 A.3d at 997 (assignment voidable, not void, if executing official of MERS lacked authority to sign); Moura, 90 A.3d at 858 (assignment voidable, not void, if executing official was "robo-signer"); Deutsche Bank Nat. Trust Co. v. Monegro, No. KD 2011-1345, 2013 WL 372646, at *4 (R.I. Super. Ct. Jan. 24, 2013) (assignment voidable, not

void, if power of attorney not recorded).  In such circumstances, where the alleged defects render

the assignments merely voidable at the election of its parties, the mortgagor, a non-party to the

instrument, is held to lack standing.  See Cruz, 108 A.3d at 997.  By contrast, prudential standing

is available to a mortgagor if "success on the merits would prove the purported assignee is not, in

fact, the mortgagee and therefore lacks any right to foreclose on the mortgage."  Wilson v.

HSBC Mort. Serv., Inc., 744 F3d 1, 9 (1st Cir. 2014); see Culhane, 708 F.3d at 291 (mortgagee

has standing to challenge MERS's involvement in chain of title as that claim "would be

sufficient to refute an assignee's status qua mortgagee"); Mruk, 82 A.3d at 536 (homeowners

have standing to contest authority of foreclosing entity to foreclose; they cannot challenge

shortcomings in assignment that render it voidable but otherwise effective to pass title).

In this case, Plaintiff's challenge to the assignment from MERS to Chase is premised on

the notion that MERS never properly held the mortgage and, thus, had no interest to assign.  ECF

No. 1-1 at ¶ 66.  As Plaintiff rightly argues, if this proposition is legally correct, the MERS-to-

Chase assignment would be not merely voidable, but void.  See Culhane, 708 F.3d at 291.

Guided by Culhane and the guidance from the Rhode Island Supreme Court cited above, I

conclude that Count II of the complaint articulates a challenge to the validity of the assignments

that Plaintiff has standing to assert.  Id. at 290-91.  Because there is standing, there is subject

matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

The Court next must analyze the legal viability of Plaintiff's theory underpinning the

proposition that these assignments are void.  If Plaintiff's challenge to the assignment is

grounded on a faulty legal premise, the claim should nonetheless be dismissed because it fails to

state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).  See Cosajay v. Mort. Elec. Reg. Sys., Inc.,

980 F. Supp. 2d 238, 244-45 (D.R.I. 2013) (error to reject challenge to assignment based on lack

of standing due to mortgagor's status as non-party to assignment; mortgagor has legally

cognizable right to prosecute claim that assignment was fraudulently executed after assignee

ceased to exist). Here, Plaintiff does not fare as well.

According to the operative Rhode Island statute, passed in 1896, conveyances of land by

mortgage are void unless they are in writing, acknowledged and recorded in the land evidence

records; the statute also is clear that unrecorded conveyances may also be valid. R.I. Gen. Laws

§ 34-11-1.[3] As the statute's language has been interpreted, § 34-11-1 "does not mandate

recording, but only addresses the legal effect of recording with respect to third parties if a

mortgagee chooses to record a mortgage or assignment."[4] Town of Johnston v. MERSCORP,

Inc., 950 F. Supp. 2d 379, 383 (D.R.I. 2013). Thus, "[r]ecording merely establishes the binding

effect of a mortgage on third parties" rather than serving as a prerequisite to validity. U.S. Bank

National Ass'n. v. Alfaia, No. PC 2009-2776, 2013 WL 4235332, *6 (R.I. Super. Aug. 8, 2013)

("mortgages and assignments thereof are not required to be recorded"). Critically, when § 34-

11-1 was interpreted with respect to the legal effect of the timing of recording, it was the date of

execution of the instrument that was held to control, with the perfecting of the execution by a

subsequent recording relating back to the date of execution. In re Cascella, 1 B.R. 479, 481

(Bankr. D.R.I. 1979) ("Rhode Island law specifies no time period for the recording of a deed");

---

[3] As relevant here, the statute provides:

> Every conveyance of lands, tenements or hereditament absolutely, by way of mortgage, or on condition, use or trust, for any term longer than one year, and all declarations of trusts concerning the conveyance, shall be void unless made in writing duly signed, acknowledged as hereinafter provided, delivered, and recorded in the records of land evidence in the town or city where the lands, tenements or hereditaments are situated; provided, however, that the conveyance, if delivered, as between the parties and their heirs, and as against those taking by gift or devise, or those having notice thereof, shall be valid and binding though not acknowledged or recorded.

R.I. Gen. Laws § 34-11-1.

[4] As set out in R.I. Gen. Laws § 34-13-2, filing in the land records affords constructive notice to a *bona fide* purchaser and protects the filer against a conveyance to a *bona fide* purchaser whose claim otherwise would have priority. In re Barnacle, 623 A.2d 445, 447 (R.I. 1993).

see Soto-Rios v. Banco Popular de Puerto Rico, 662 F.3d 112, 122 (1st Cir. 2011) (applying

Puerto Rican law, "local statutes give no indication that mere passage of time caused by registrar

delay somehow nullifies or expires the filing entry or its priority of rank.").

      Cases interpreting the law of other states are consistent with Cascella in that they reject

the notion that the timing of the entry in the lands records provides grounds for rendering a

mortgage assignment void.  For example, in U.S. Bank Nat. Ass'n v. Ibanez, the Massachusetts

Supreme Judicial Court held that, "where an assignment is confirmatory of an earlier, valid

assignment . . . , that confirmatory assignment may be executed and recorded after the

foreclosure, and doing so will not make the title defective.  A valid assignment of a mortgage

gives the holder of that mortgage the statutory power to sell after a default regardless whether the

assignment has been recorded."  941 N.E.2d 40, 54-55 (Mass. 2011); accord Joy v. US Bank NA

for Securitized Tr. Home Equity Asset Tr. 2006-5, No. 15 Civ. 9015 (NRB), 2017 WL 1321010,

at *3 (S.D.N.Y. Mar. 29, 2017) (dismissing claim that assignment is void because of delay in

recording; "under both New York law and Virginia law, the assignment of a mortgage need not

be recorded for the assignment to be valid.").  Similarly, other than respecting the priority of a

bona fide purchaser over an unrecorded instrument, courts reject the proposition that the

sequence of recording contemporaneous instruments in land record books should alter their

intended legal effect.  Thus, it has been held that, if the deeds of trust "were filed at the same

time or in their proper order and the reverse order of recordation was an inadvertence, that

mistake . . . should not be permitted to alter the intended relations of the parties . . . when an

examination of the recorded documents would provide notice of the true priorities."  MTC Fin.,

Inc. v. Nationstar Mortg., A150916, 2018 WL 495318, at *2 (Cal. Ct. App. Jan. 22, 2018); see

First Bank v. E. W. Bank, 132 Cal. Rptr. 3d 267, 274 (2011) ("it would disrupt the statutory

scheme to make priority turn on the random act of indexing, . . . especially where banks and title insurers have no influence over when the recorder indexes trust deeds.").

Plaintiff cites no contrary authority to support his legal conclusion that the sequence in the Land Records of the first two mortgage assignments renders an otherwise valid set of assignments void.  The Court's research turned up none.  In any event, an assignment that is executed and recorded in accordance with the statute is presumptively valid.  Hoecke v. First Franklin Fin. Corp., No. KC 2009-0743, 2013 WL 1088825, at *4 (R.I. Super. Ct., Mar. 7, 2013).  For these reasons, Count II fails to state a claim against Chase.

Because Count II fails to articulate a plausible claim for recovery against Chase, I recommend that Defendant Chase's motion to dismiss Count II pursuant to Fed. R. Civ. P. 12(b)(6) be granted.  Because Count II fails based on its reliance on an incorrect proposition of law, and not on a deficit of plausible facts, I do not recommend that Plaintiff be granted leave to amend.

IV.    CONCLUSION

For the reasons stated, I recommend that Defendant JPMorgan Chase Bank, N.A.,'s Motion to Dismiss Count II of the Complaint (ECF No. 9) be granted.  Because Count I does not state any allegations against it, I further recommend that Defendant JPMorgan Chase Bank, N.A., be dismissed from the case.  Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d

5, 14 (1st Cir. 2008); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir.

1980).

<u>/s/ Patricia A. Sullivan</u>
PATRICIA A. SULLIVAN
United States Magistrate Judge
February 8, 2018